UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10893-RGS

PETER TINKHAM and JULIET ALEXANDER

v.

LAURA PERRY, ALAN PERRY, ESQ.,
NINA PERRY, ESQ., and CLINTON BOOTHBY

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO RECONSIDER

August 7, 2012

STEARNS, D.J.

Plaintiffs Peter Tinkham and Juliet Alexander ask the court to reconsider its July 20, 2012 Order determining that "this court lacks personal jurisdiction over the defendants based upon their lack of forum-based contacts" and its transfer of the case to the Maine federal court. This litigation is a familial dispute over a "fraudulent scheme to cause plaintiffs to assume responsibility for the taxes and upkeep of a cottage in Weld, Maine by pretending to give the subject property to plaintiff Alexander as her inheritance in June of 1995." Compl. ¶ 1. Plaintiffs assert in their motion for reconsideration that 'there is most certainly evidence that the alleged act of forgery and falsely obtaining signatures purportedly took place in Canton, Massachusetts. Pl. Mot. to Reconsider ¶ 4. Also they complain that they did not

receive "any responsive pleading or any motion, Rule 12 or otherwise." *Id.* ¶ 1.

"The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 *Id.* ¶ (1st Cir. 2006), quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). At issue here, "a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). The moving party must "'either clearly establish a manifest error of law or must present newly discovered evidence.'" *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 146 n.2 (1st Cir. 2004), quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).

In their Complaint, plaintiffs allegations center around a property located in Weld, Maine. Plaintiffs admit to paying the property taxes on the Maine property from 1996. *Id.* ¶ 4. Several paragraphs of the Complaint detail visits by defendants to plaintiffs' home in Rumford Falls, Maine, "insisting that they sign over the property" (*id.* ¶¶ 14, 36) and plaintiff Alexander's visit to the Franklin County (Maine) Registry of Deeds where she "discovers" that she was recipient of the property via a real estate trust. *Id.* ¶¶ 27-34. It is undisputed that defendants Laura Perry and Nina Perry reside in Florida, and defendants Alan Perry and L. Clinton Boothby reside in Maine. *Id.* at

2

1.

Alan Perry's affidavit, appended to his motion to dismiss, documents the plaintiffs contacts with Maine (a homestead exemption on property in Rumford, Maine; real estate deeds; 2012 drivers' licenses; 2012 voter registration cards; and a 2011 litigation plaintiffs filed in the Maine federal court documenting Maine as their state of residence). *See* Dkt 9. In response to defendant Boothby's motion to dismiss, plaintiffs filed numerous Oppositions and supportive affidavits which all further establish defendants lack of Massachusetts-based contacts necessary for personal jurisdiction in this court. *See* Dkt ## 16-20.

Also of note (as pointed out in defendant L. Clinton Boothby's Opposition to the Motion for Reconsideration), his certificate of service indicates that plaintiffs were served by first-class mail at a post office box in Easton, Massachusetts. This certificate of service is identical to all others on defendant's pleadings in this case. *See* Dkt ## 8-10. Moreover, the docket evidences that plaintiffs were in receipt of Boothby's Rule 12 motion as they filed an Opposition and several affidavits in response. *See* Dkt. ## 16-20.

ORDER

As plaintiffs present the court with no "newly discovered evidence" or "evidence of a manifest error of law," the Motion for Reconsideration is <u>DENIED</u>.

3

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE